UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY,<br><br>           Petitioner,<br><br>      v.<br><br>ALTO INDEPENDENT SCHOOL DISTRICT, GRAPELAND INDEPENDENT SCHOOL DISTRICT, GUSTINE INDEPENDENT SCHOOL DISTIRCT, and MASON INDEPENDENT SCHOOL DISTRICT,<br>           Respondents. | CIVIL ACTION NO.<br><br><br><br><br><br><br><br>JULY 2, 2021 |

**PETITION TO COMPEL ARBITRATION**

1.      This is an action to compel arbitration pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4.

**The Parties**

2.      Petitioner The Travelers Indemnity Company ("Travelers") is a corporation organized under the laws of the State of Connecticut and has its principal place of business in Hartford, Connecticut.

3.      Respondent Alto Independent School District ("Alto ISD") is a school district that has its principal place of business in Alto, Texas.

4.      Respondent Grapeland Independent School District ("Grapeland ISD") is a school district that has its principal place of business in Grapeland, Texas.

5.      Respondent Gustine Independent School District ("Gustine ISD") is a school district that has its principal place of business in Gustine, Texas.

6. Respondent Mason Independent School District ("Mason ISD") is a school district that has its principal place of business in Mason, Texas.

**Jurisdiction and Venue**

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, because this is an action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Court has personal jurisdiction over the Respondents because the claims at issue arise out of, or relate to the formation, interpretation, performance or breach of, reinsurance contracts containing an arbitration provision; the arbitration provision provides that the arbitration shall take place in Hartford, Connecticut; and the Respondents are thereby deemed to have consented to this Court's jurisdiction.

9. Venue is proper in this District pursuant to 9 U.S.C. § 4, which provides that venue lies in any district court "which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties." Travelers' principal place of business is in Hartford, Connecticut. The arbitration provision of the reinsurance contracts at issue provides that the arbitration shall take place in Hartford, Connecticut. Jurisdiction and venue properly lie within this Court.

**The Underlying Insurance and Claims**

10. Each of the Respondents obtained first-party property insurance coverage from the Texas Rural Education Association Risk Management Cooperative ("TREA"), providing coverage for the Respondents' buildings. The terms, conditions, and exclusions of the insurance

provided to each Respondent are set forth in a "coverage document." A representative coverage document is attached as Exhibit 1.

11. Travelers agreed to reinsure a portion of the coverage that TREA provides to the Respondents subject to the terms, conditions, and exclusions of reinsurance contracts (the "Facultative Certificates"). The Facultative Certificates relevant to this dispute are attached as Exhibits 2 and 3.

12. Each of the Respondents submitted a claim or claims to TREA as a result of purported storm damage to their properties. The Respondents claim that they have not received full compensation for their alleged losses related to each claim.

13. Each of the Respondents filed a lawsuit (together, the "Underlying Lawsuits"), naming both TREA and Travelers as defendants. The captions of the Underlying Lawsuits are as follows:

    a. *Alto Ind. Sch. Dist. v. Tex. Rural Educ. Ass'n Risk Mgmt. Coop.*, No. 2020030062 (Tex. Dist. Ct., Cherokee Cty., 369th Jud. Dist.) (*see* Ex. 4);

    b. *Grapeland Ind. Sch. Dist. v. Tex. Rural Educ. Ass'n Risk Mgmt. Coop.*, No. 20-0060 (Tex. Dist. Ct., Houston Cty., 369th Jud. Dist.) (*See* Ex. 5);

    c. *Gustine Ind. Sch. Dist. v. Tex. Rural Educ. Ass'n Risk Mgmt. Coop.*, No. CV03220 (Tex. Dist. Ct., Comanche Cty., 220th Jud. Dist.) (*see* Ex. 6);

    d. *Mason Ind. Sch. Dist. v. Tex. Rural Educ. Ass'n Risk Mgmt. Coop.*, No. 205915 (Tex. Dist. Ct., Mason Cty., 452d Jud. Dist.) (*see* Ex. 7).

14. The Respondents claim in the Underlying Lawsuits that TREA and Travelers have failed to make full payment of their alleged losses. The Respondents allege that Travelers is the reinsurer of TREA and is obligated to pay them for their alleged losses. Details regarding the Respondents' claims for allegedly outstanding covered loss – as alleged by the Respondents in their underlying petitions – are set forth in the table below:

| Respondent | Dates of Loss | Amount Claimed by Respondent | Amount Alleged Paid by Travelers | Facultative Certificate |
|---|---|---|---|---|
| **Alto ISD** | 04/06/19, 04/13/19 | $14,798,722 | $6,516,697 | Ex. 3 |
| **Grapeland ISD** | 04/06/19 | $2,284,263 | $900,000 | Ex. 3 |
| **Gustine ISD** | 05/13/19 | $1,438,565 | $723,252 | Ex. 3 |
| **Mason ISD** | 05/25/18 | $1,166,965 | $0 | Ex. 2 |

15. They also assert extra-contractual claims against Travelers for alleged Violations of the Texas Insurance Code, Fraud, Conspiracy to Commit Fraud, Violations of the Texas Deceptive Practices Act, Misrepresentation, and Negligence. Those claims necessarily arise out of and relate to Travelers' performance of, and rights and obligations under, the Facultative Certificates.

**Arbitration and the Need for the Court's Assistance**

16. The Facultative Certificates contain an arbitration clause with a broad, "delegation provision," which provides that:

> As a condition precedent to any right of action hereunder, any dispute between the COMPANY and the REINSURER *arising out of, or relating to the formation, interpretation, performance or breach* of this CERTIFICATE, whether such dispute arises before or after termination of this CERTIFICATE, shall be submitted to arbitration. Arbitration shall be initiated by the delivery of a written notice of demand for arbitration sent certified or registered mail or by other carrier services providing receipt of delivery by one party to the other.

(Ex. 2 at 12-13; Ex. 2 at 12 (emphasis added).)

17. The Facultative Certificates specify that:

> One arbitrator shall be chosen by each party and the two arbitrators shall, before instituting the hearing, choose an impartial arbitrator who shall preside at the hearing. *If either party fails to appoint its arbitrator within thirty (30) days after being requested to do so by the other party, the latter may appoint the second arbitrator.*

(Ex. 2 at 13; Ex. 3 at 12 (emphasis added).)

18. The Facultative Certificates further provide that arbitration shall proceed in Hartford, Connecticut. (Ex. 2 at 13; Ex. 3 at 13.)

19. Each of the claims asserted by the Respondents in the Underlying Lawsuits, including their extra-contractual claims, arises out of, or relates to the formation, interpretation, performance or breach of the Facultative Certificates, and thus, the claims are subject to arbitration. Accordingly, Travelers demanded arbitration, as follows:

| Respondent | Date | Ex. |
|---|---|---|
| **Alto ISD** | 01/15/21 | 8 |
| **Grapeland ISD** | 03/26/21 | 9 |
| **Gustine ISD** | 03/26/21 | 10 |
| **Mason ISD** | 03/26/21 | 11 |

In its arbitration demands, Travelers requested that each of the Respondents appoint its party-arbitrator within 30 days of the date of the demand.

20. Although more than 30 days has passed from the date of each of the arbitration demands, none of the Respondents has appointed a party-arbitrator, and they otherwise have refused to participate in the arbitrations. Accordingly, pursuant to the Facultative Certificates, Travelers is entitled to select party-arbitrators.

21. Travelers also filed motions to dismiss or stay the Underlying Lawsuits in favor of arbitration. Those motions (as amended, omitting the exhibits) are attached as Exhibits 12 through 16.

**The Court's Authority to Compel Arbitration**

22. Travelers requests that this Court compel the arbitration of this matter.

23. This Court is authorized to compel arbitration. Section 4 of the FAA provides, in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may

> petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

24. The Facultative Certificates' arbitration clause constitutes a written agreement for arbitration of all disputes "*arising out of, or relating to the formation, interpretation, performance or breach*" of the Facultative Certificates.

25. The Respondents' claims in the Underlying Lawsuits arise out of, and relate to, the formation, interpretation, performance, or breach of the Facultative Certificates.

26. The Respondents' conduct, including their refusal to appoint party-arbitrators, constitutes a failure, neglect, or refusal to arbitrate this matter.

27. Due to the Respondents' refusal to arbitrate this matter, Travelers respectfully requests that this Court, pursuant to 9 U.S.C. § 4, compel the arbitration of this matter and order that the Respondents appoint their arbitrators within 30 days of its Order.

WHEREFORE, Travelers respectfully requests that this Court compel the arbitration of this matter, pursuant to 9 U.S.C. § 4, ordering the Respondents to appoint their party-arbitrators within 30 days of its Order. Travelers also respectfully requests that this Court award to Travelers its costs incurred in this action, as well as such other relief as this Court deems just and proper.

PETITIONER, THE TRAVELERS
INDEMNITY COMPANY


By: */s/ Daniel J. Raccuia*
 Joseph K. Scully (ct26541)
 Daniel J. Raccuia (ct29535)
 DAY PITNEY LLP
 242 Trumbull Street
 Hartford, Connecticut 06103-1212
 (860) 275-0100
 (860) 275-0343 (fax)
 jkscully@daypitney.com
 draccuia@daypitney.com

Its counsel.